UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SPYROS RAIKOS, individually and as owner of
RAIKOS ELECTRIC, LLC; and RAIKOS
ELECTRIC LLC,

                    Plaintiffs,

-against-

MICHAEL KELLMAN a/k/a/ MICHAEL O.
KELLMAN a/k/a MICHAEL O'NEAL
KELLMAN; AIXA M. NUNEZ; NIKESHA HUSE
a/k/a KIESHA HUSE; LOCAL UNION NO. 3
IBEW NY; MERCHANTS INSURANCE GROUP;
LANMARK GROUP, INC.; JOHN DOE 1
THROUGH JOHN DOE 10; and ABC
CORPORATION 1 THROUGH ABC
CORPORATION 10,

                    Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _5/12/2026_____

26 Civ. 1509 (AT)

**ORDER**

ANALISA TORRES, District Judge:

On March 10, 2026, Plaintiffs moved to transfer this case to the United States Bankruptcy Court for the District of New Jersey under 28 U.S.C. §§ 1404(a) and 1412. *See* ECF No 13. By order dated March 26, 2026, the Court denied Plaintiffs' motion without prejudice to renewal because Plaintiffs failed to follow the undersigned's Individual Practices in Civil Cases requiring a pre-motion letter and ordered Plaintiffs to dismiss certain Defendants from the lawsuit because Plaintiffs represented they were no longer part of the action. *See* ECF No. 17.

Plaintiffs subsequently dismissed the specific Defendants, *see* ECF Nos. 19–22, and filed a pre-motion letter concerning their motion to transfer venue, *see* ECF No. 18. To date, no Defendant has filed any opposition to Plaintiffs' motion. *See also* ECF No. 19 (statement of non-objection from Defendant Local Union No. 3 IBEW NY); Rule III(A)(ii), Individual Rules ("Opposition letters . . . shall be submitted within five business days after receipt of the movant's letter."). On April 20, 2026, Plaintiffs filed a second letter requesting that the Court "renew" the venue motion and enter an order transferring this matter to the United States Bankruptcy Court for the District of New Jersey in connection with pending bankruptcy proceedings. *See* ECF No. 24.

Because no Defendant has opposed to Plaintiffs' pre-motion letter or otherwise objected to the motion to transfer venue, the Court GRANTS Plaintiffs' request to renew the motion filed at ECF No. 13 and considers that motion on the merits.

On March 14, 2025, Plaintiffs commenced this action in New York Supreme Court, New York County, asserting various state law claims sounding in fraud, contract, and tort. *See* State Court Compl. ¶¶ 44–81, ECF No. 1-2. The claims relate to an ownership dispute concerning a company

formed by Plaintiff Spyros Raikos in 2007, and specifically, a 2021 "Buy-Out Agreement" with Defendant Michael Kellman.  *See id.* ¶¶ 16–30.  On November 25, 2025, certain Defendants in this action, Michael Kellman and Aixa M. Nunez, filed Chapter 7 proceedings in the United States Bankruptcy Court for the District of New Jersey.  *See* Mem. at 2, ECF No. 13-1.  The action was then removed to this Court on February 23, 2026.  *See* Notice of Removal, ECF No. 1.[1]

Under 28 U.S.C. § 1412, "[a] district court may transfer a case or proceeding under Title 11[, the Bankruptcy Code,] to a district court for another district, in the interest of justice or for the convenience of the parties."  Although Plaintiffs cite this authority in support of their venue motion, this case itself is not a "case or proceeding under Title 11"—it is a routine commercial dispute which was brought under various state law claims.  *See generally* State Court Compl..  Accordingly, authority for the Court to transfer this action lies in 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

The Court determines that this action should be transferred to the Bankruptcy Court for the District of New Jersey.  First, the Bankruptcy Court of the District of New Jersey would have jurisdiction over this action.  28 U.S.C. § 1334(b) states that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings . . . arising in or related to cases under [T]itle 11" of the United States Code.  Because Kellman and Nunez have commenced Chapter 7 proceedings, this action "relate[s]" to a case under Title 11 and the District of New Jersey would, therefore, have jurisdiction over the case.

Second, the convenience of the parties and witnesses, and the interests of justice, support a transfer.  As Plaintiffs argue, the claims alleged in this case directly relate to "assets and liabilities of the bankruptcy estate."  Mem. at 6.  Furthermore, the Bankruptcy Court is already administering extensive discovery related to Defendants Kellman and Nunez's financial affairs and would logically be more familiar with the factual disputes in this case.  *See id.* at 7.  Such a transfer would impose, at worst, a minimal burden on witnesses and parties, as the District of New Jersey is adjacent to the Southern District of New York, and a transfer will thus not effectuate significant travel or similar costs.

---

[1] The action was previously removed from New York state court to the Bankruptcy Court for the District of New Jersey, and then remanded to New York state court, on the grounds that removal was improper and removal should have been effectuated to this Court.  *See, e.g.*, Remand Order, ECF No. 1-1; 28 U.S.C. § 1452(b) (providing for the remand authority exercised by the bankruptcy court).  In issuing its remand order, the bankruptcy court cited a memorandum  by the New York City Department of Buildings, a defendant that has since been dismissed in this case, *see* ECF No. 8, which argued that the proper transfer procedure is for Plaintiffs to remove the case to this Court and then file a transfer venue motion seeking to transfer the case to the Bankruptcy Court for the District of New Jersey.  *See* ECF No. 10-1 at 10–11 in case No. 25-AP-2493 (Bankr. D.N.J. notice of removal filed Dec. 1, 2025); *see also In re Trafficwatch*, 138 B.R. 841, 843 (Bankr. E.D. Tex. 1992) (holding that this procedure should be followed).  Other courts have endorsed this practice.  *See In re Pixius Comm'cns, LLC*, No. 19-BK-11749, No. 19-AP-5110, 2020 WL 3813237, at *2–3 (Bankr. D. Kan. June 11, 2020).

For the foregoing reasons, the Court concludes that transfer is appropriate. The Clerk of Court is respectfully directed to transfer this matter to the United States Bankruptcy Court for the District of New Jersey in connection with pending bankruptcy proceedings involving Defendants Michael Kellman and Aixa M. Nunez, Case Number 25 Bk. 22557, to close the case, and to terminate the motion at ECF No. 13.

       SO ORDERED.

Dated: May 12, 2026
       New York, New York

                                   ANALISA TORRES
                          United States District Judge